# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

------------------------------------------------------x
In re:                                              :     Chapter 11
                                                    :
NICHOLS BROTHERS, INC,                              :     Case No. 18-11123
an Oklahoma corporation,                            :
                                                    :
       Debtor.                                      :
                                                    :
------------------------------------------------------x
In re:                                              :     Chapter 11
                                                    :
NBI PROPERTIES, INC.,                               :     Case No. 18-11124
an Oklahoma corporation,                            :
                                                    :
       Debtor.                                      :
                                                    :
------------------------------------------------------x
In re:                                              :     Chapter 11
                                                    :
NBI SERVICES, INC.,                                 :     Case No. 18-11125
an Oklahoma corporation,                            :
                                                    :
       Debtor.                                      :
                                                    :
------------------------------------------------------x
In re:                                              :     Chapter 11
                                                    :
LADDER COMPANIES, INC.,                             :     Case No. 18-11126
a Delaware corporation,                             :
                                                    :
       Debtor.                                      :
                                                    :
------------------------------------------------------x
In re:                                              :     Chapter 11
                                                    :
RED WATER RESOURCES, INC.,                          :     Case No. 18-11127
a Texas corporation,                                :
                                                    :
       Debtor.                                      :
                                                    :

```
-------------------------------------------------------x
In re:                                      :    Chapter 11
                                            :
CANO PETRO OF NEW MEXICO,                   :    Case No. 18-11128
INC., a Texas corporation,                  :
                                            :
            Debtor.                         :
                                            :
-------------------------------------------------------x
In re:                                      :    Chapter 11
                                            :
W.O. OPERATING COMPANY, LTD,                :    Case No. 18-11129
a Texas limited partnership,                :
                                            :
            Debtor.                         :
                                            :
-------------------------------------------------------x
```

**DEBTORS' MOTION FOR AN ORDER PURSUANT TO
RULE 1015(b) OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

Nichols Brothers, Inc., NBI Properties, Inc., NBI Services, Inc., Ladder Companies, Inc., Red Water Resources, Inc., Cano Petro of New Mexico, Inc. and W.O. Operating Company, Ltd., as debtors and debtors in possession (the "Debtors"), respectfully represent:

**Background**

1. On the date hereof (the "Commencement Date"), each of the Debtors commenced a voluntary case under chapter 11 of the title 11 of the United States Code (the "Bankruptcy Code") in this Court. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of Bankruptcy Code.

**Jurisdiction and Venue**

2.   This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Debtors' Business**

3.   Debtors constitute a diverse business group owned and operated by Richard and Orville Nichols that has been in existence for over 40 years and is primarily focused on oil and gas production. The Debtors collectively employ approximately 25 individuals with an additional 20 contractors that provide services out in the field. Debtors operate approximately 400 producing wells, which are generally considered "stripper wells" in the industry and which have been producing for many years. Their monthly revenue generated from these wells (and other non-operated oil and gas interests) is approximately $500,000 a month.

4.   Like all oil and gas companies in Oklahoma, Debtors have struggled during the past few years as commodity prices fell to historically low levels. Unlike many of these companies, Debtors staved off bankruptcy until now and have substantially paid down their obligations owed to CrossFirst Bank, which was as high as $60 million in 2014, and reduced to $29,987,695.09 at the time the fifth and final amendment to the Credit Agreement was executed on June 15, 2017.

5.   Upon information and belief, CrossFirst Bank and the other members of the bank group were prepared to extend the terms of the Credit Agreement for an additional term, but such efforts were thwarted by Arena Limited SPV, LLC, successor-in-interest to Community Trust Bank, through purchase at a substantial discount, who

effectively blocked such efforts, and forced CrossFirst Bank to file a complaint in the United States District Court for the Northern District of Oklahoma seeking the appointment of a receiver over the Debtors' property. The Debtors believe, however, that there is substantial value in the business and assets that warrants protection and reorganization under Chapter 11 of the Bankruptcy Code.

6.   Since the filing of the receivership action, the Debtors have been working with certain members of its bank group on a consensual resolution through Chapter 11 proceedings. To that end, the Debtors and certain members of the bank group have been negotiating DIP financing and an agreeable course of action, including the sale of the Debtors' assets. These negotiations have been extensive and time consuming. On the proposed petition date (June 1, 2018), the Debtors were informed that the certain members of the bank group were fractured on certain terms and conditions of the proposed DIP financing. The Debtors are hopeful that such issues can be resolved internally by the members of the bank group but cannot delay filing of these Chapter 11 proceedings any further. In the event such issues cannot be resolved by the bank group, the Debtors intend to request the use of cash collateral to fund the administration of this case and to reserve the right to surcharge the Lenders pursuant to 11 U.S.C. § 506(c).

## Relief Requested

7.   By this Motion, the Debtors request, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), entry of an order authorizing the joint administration of the Debtors' chapter 11 cases. Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f … two or more petitions are pending in the same court by or against … a debtor and an affiliate, the court may order joint

administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" as defined under section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to consolidate these cases for procedural purposes.

8. Because joint administration of these cases will remove the need to prepare, replicate, file and serve duplicative notices, applications and orders, the Debtors and their estates will save substantial time and expense. Further, joint administration will relieve this Court of entering duplicative orders and maintaining duplicative files and dockets. The United States Trustee for the Northern District of Oklahoma (the "U.S. Trustee") and other parties in interest will similarly benefit from joint administration of these chapter 11 cases by sparing them the time and effort of reviewing duplicative pleadings and papers.

9. Accordingly, the Debtors respectfully request that the caption of their cases be modified as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

------------------------------------------------------- x
| | | |
|---|---|---|
| **In re:** | : | Chapter 11 |
| | : | |
| **NICHOLS BROTHERS, INC., et al.** | : | Case No. 18-11123 |
| | : | |
| **Debtors.** | : | |
| | : | |

-------------------------------------------------------x

10. The Debtors also seek this Court's direction that a notation substantially similar to the following be made in each of the above captioned cases substantially as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of chapter 11 cases of Nichols

Brothers, Inc., NBI Properties, Inc., NBI Services, Inc., Ladder Companies, Inc., Red Water Resources, Inc., Cano Petro of New Mexico, Inc., and W.O. Operating Company, Ltd.. The Docket in Case No. 18-11123 should be consulted for all matters affecting this case.

11. Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

### Notice

12. No trustee, examiner, or creditors' committee has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion on: (a) the U.S. Trustee for the Northern District of Oklahoma, (b) those creditors listed on the Debtors' Consolidated List of Creditors Holding 20 Largest Unsecured Claims, (c) counsel to Debtors' secured creditors pursuant to the Credit Agreement (CrossFirst Bank, Arena Limited SPV, LLC, Kirkpatrick Bank and Valley National Bank), (d) Spirit Bank, (e) Cargill, Inc., and (f) any other secured creditors, including but not limited to creditors asserting materialman and mechanic's liens against Debtors, as reflected in Debtors' schedules. The Debtors submit that no other or further notice need be provided.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just.

Dated: June 1, 2018  Respectfully submitted,

*/s/ Mary E. Kindelt*
Gary M. McDonald, OBA No. 5960
Chad J. Kutmas, OBA No. 19505
Mary E. Kindelt, OBA No. 21728
MCDONALD & METCALF, LLP
First Place Tower
15 E. Fifth Street, Suite 1400
Tulsa, OK 74103
(918) 430-3700

(918) 430-3770 (Fax)
gmcdonald@mmmsk.com
ckutmas@mmmsk.com
mkindelt@mmmsk.com

*Proposed Attorneys for the Debtors and Debtors-in-Possession*