IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **NICHOLS BROTHERS, INC., et al.** | § | **Case 18-11123-M** |
| | § | |
| Debtors. | § | **Jointly Administered** |

## MOTION FOR SCHEDULING ORDER ON THE RAILROAD COMMISSION OF TEXAS' MOTION TO CONVERT TO CHAPTER 7

COMES NOW, the Railroad Commission of Texas, by and through the Office of the Texas Attorney General, (the "Railroad Commission"), and in advance of the telephonic hearing to be held on September 12, 2018, respectfully files this proposed scheduling order respecting its pending motion to convert to chapter 7. On September 5, 2018, upon consideration of the Motion to Compel, the Court suspended the evidentiary hearing, previously scheduled for September 12, 2018, on the Motion to Convert to Chapter 7 and instead the Court scheduled a Status conference on the Motion to Convert. (ECF# 157).

Although the Railroad Commission does not need to approve the sale of [Mineral-Interest] Leases, Texas law does require the Railroad Commission to approve the sale or transfer of any well before such transfer can occur. 16 TEX. ADMIN. CODE §3.1 One of the elements the Railroad Commission must consider before it can approve the transfer is that the buyer must establish a good-faith claim to title. As the Court is aware, this Debtor has 920 wells in Texas and approximately 750 wells did not produce in the twelve months before the petition date. Thus, a good-faith claim to title is suspect due to a lack of production.

Upon information and belief formed after a conversation with counsel for a prospective purchaser, the Railroad Commission anticipates that an entity may seek to purchase the leases and wells from W.O. Operating Company, Ltd. (the "Debtor") and anticipates that either a Motion for

Bid Procedures or a Motion to Sell will be forthcoming. The below proposed scheduling order would permit the Debtor an opportunity to auction or sell its assets in a manner that would be able to timely close on the transaction within a reasonable period of time. Delay will jeopardize the remaining wells as the wells will become "inactive" due to a lack of production starting in December.  The Court ordered the Debtor to provide the Railroad Commission with copies of the leases by noon on Wednesday, September 12, but this motion is being filed at this time for the Court's consideration ahead of the scheduled telephonic hearing set for 1:30pm that same day. The below timeline is designed to afford the Debtor a reasonable opportunity to sell assets but prior to losing the remaining leases.

The terms of the proposed scheduling order are as follows:

1. Within __[(Suggested 10)] calendar days of the entry of this scheduling order, Debtor will file either a Motion for Bid Procedures or a Motion to Sell to a Stalking Horse Bidder. If Debtor files a Motion to Sell to a Stalking Horse Bidder, the Debtor shall attach an executed Asset Purchase Agreement ("APA").

2. Contemporaneous to the filing of the Bid Procedure Motion/or the Sale Motion, Debtor shall:

    a. Transmit to the Railroad Commission through its Counsel evidence the Debtor believes supports its claim that it has a good-faith claim to title for any/all of the 73 leases Debtor purports to hold in the State of Texas and which the Debtor wishes to sell. If Debtor is unable to immediately support a good-faith claim to title to any/all of their leases, then Debtor shall retain professional persons (e.g. Landmen) to provide appropriate documentation to the Railroad Commission.

> The cost associated with such professionals may be borne by the Stalking Horse Bidder as a credit as may be reflected in the APA.

b. Identify that Qualified Bidders must, *inter alia*:

   i. Have a P-5 "Organization Report," be in good standing with the Railroad Commission of Texas, and have a Blanket Performance Bond of $250,000 issued in favor of the Railroad Commission of Texas, or

   ii. Contemporaneous to any sale of the Leases, seek to transfer the P-4 Operations to a qualified operator (with a P-5 "Organization Report" and be in good standing with the Railroad Commission of Texas) and have a Blanket Performance Bond of not less than $250,000 issued in favor of the Railroad Commission of Texas.

c. All bids must be accompanied by an earnest money deposit of __ [suggest 10]% of the purchase price.

3. Since the Debtor has no employees, Debtor shall file a notice with the Bankruptcy Court identifying which individuals are negotiating this deal on behalf of W.O. Operating Company, Ltd.

4. If the Debtor files a Motion for Bid Procedures, the Court will hold a hearing on ___ date. If the Debtor holds a Motion to sell, the Court will hold a hearing on ___ date.

5. An express condition for the hearing is that Debtor shall provide to the Railroad Commission, not less than 10 days prior to the hearing, all evidence that the Debtor believes supports its good faith claims to title.

6. Objections, if any, to the Bid Procedure Motion or the Sale Motion shall be filed no later than 3 business days prior to either such hearing.

7. No less than 5 business days prior to the hearing referenced in 3 above, Debtor shall file with the Court: i) a list of those Leases which Debtor believes it has a good-faith claim to title and which the Buyer wishes to purchase, ii) a list of Leases which have terminated, iii) a list of Leases the Debtor believes is in dispute but which the buyer wishes to purchase if the Debtor can provide a good faith claim to title. (Attached as Exhibit A to this Motion/Proposed Order is a spreadsheet prepared by the Texas Railroad Commission listing the Leases and 12 months production.)

8. The sale shall close no later than __ [suggest 21] days following entry of an Order by the Court approving any such sale.

9. If Debtor does not meet any of the milestones, upon a notice filed by any party, the Court shall schedule a telephonic status conference at which time the Court may, *sua sponte*, decide to convert the case to chapter 7 or the Court may schedule an Evidentiary Hearing on the Railroad Commission's Motion to Convert to Chapter 7.

10. Nothing in this order is intended to stay discovery of either the Railroad Commission's pending motion to convert or motion to transfer venue upon conversion.

    Respectfully submitted,

    KEN PAXTON
    Attorney General of Texas

    JEFFREY C. MATEER
    First Assistant Attorney General

    BRANTLEY STARR
    Deputy First Assistant Attorney General

    JAMES E. DAVIS
    Deputy Attorney General for Civil Litigation

5

        RONALD R. DEL VENTO
        Assistant Attorney General
        Chief, Bankruptcy & Collections Division

        */s/ Todd Headden*
        Todd B. Headden
        Texas State Bar No. 24096285
        Assistant Attorney General
        Bankruptcy & Collections Division
        P. O. Box 12548
        Austin, Texas 78711-2548
        P: (512) 463-2173/F: (512) 936-1409
        todd.headden@oag.texas.gov
        ATTORNEYS FOR THE RAILROAD COMMISSION OF
        TEXAS

## **CERTIFICATE OF CONFERENCE**

  I certify that at noon, on Friday, September 7, 2018, the undersigned attorney electronically transmitted a draft copy of this motion to Debtor's Counsel, Counsel for CrossFirst Bank, Counsel for the Unsecured Committee of Creditors, and Counsel for the United States Trustee with a request to advise us if they oppose this motion or not.

Debtor's Counsel indicated that they *do* oppose the motion.

CrossFirst's Counsel indicated that they *do* oppose the motion.

Counsel for the UCC indicated that they *do* oppose the motion.

The United States Trustee indicated that it does not take a position respecting the motion.

                */s/ Todd Headden*
                Todd B. Headden

## **CERTIFICATE OF SERVICE**

       I certify that a true and correct copy of the foregoing has been served via the Court's Electronic Filing System on all parties requesting notice in this proceeding and that copies were mailed to the counsel and parties listed below via first class U.S. Mail, postage prepaid, September 10, 2018.

| | |
|---|---|
| Nichols Brothers, Inc.<br>P.O. Box 4470<br>Tulsa, OK 74159 | Mary E. Kindelt<br>Chad J. Kutmas<br>Gary M. McDonald<br>McDonald & Metcalf, LLP<br>15 E. Fifth Street, Suite 1400<br>Tulsa, OK 74103 |
| Bonnie N. Hackler<br>Office of the United States Trustee<br>224 South Boulder Ave, Room 225<br>Tulsa, OK 74103 | Mark A. Craige<br>Crowe & Dunlevy<br>500 Kennedy Building<br>321 S. Boston Avenue<br>Tulsa, OK 74103 |
| John E. Howland<br>Rosenstein, Fist & Ringold<br>525 South Main, Suite 700<br>Tulsa, OK 74103 | |

                                          */s/ Todd Headden*
                                          Todd B. Headden
                                          Assistant Attorney General