Filed/Docketed
Nov 26, 2018

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 18-11123-M |
| **NICHOLS BROTHERS, INC.** | § | |
| *et al.*,[1] | § | Jointly Administered |
| | § | |
| DEBTORS. | § | (Chapter 11) |

**ORDER APPROVING SALE OF ASSETS OUTSIDE OF THE ORDINARY COURSE OF BUSINESS, FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, AND APPROVING ENTRY INTO AND CONSUMMATION OF ASSET PURCHASE AGREEMENT, ALL PURSUANT TO 11 U.S.C. § 363**

Upon consideration of the motion [ECF No. 213] (the "Motion")[2] filed by W.O. Operating Company, Ltd., debtor and debtor-in-possession ("WO"), seeking entry of an order authorizing and approving the sale (the "Sale") of certain of WO's oil and gas assets (collectively, and as further defined in the APA, the "Assets") to SB Energy 1, LLC or its assignee ("Buyer"; together with WO, the "Parties") pursuant to that certain Asset Purchase Agreement dated October 18, 2018, as amended (the "APA") attached hereto as **Exhibit A**; and this Court having determined that the relief requested in the Motion is in the best interests of WO, its estate, its creditors, and other parties-in-interest; and good and sufficient cause appearing therefor, including representations of counsel for WO and the Buyer and for the reasons stated on the record at the hearing seeking approval of the Sale:

---

[1] The debtors are Nichols Bros, Inc., Case No. 18-11123-M, NBI Properties, Inc., Case No. 18-11124-M, NBI Services, Inc., Case No. 18-11125-M, Ladder Companies, Inc., Case No. 18-11126-M, Red Water Resources, Inc., Case No. 18-11127-M, Cano Petro of New Mexico, Inc., Case No. 18-11128-M, and W.O. Operating Company, Ltd., Case No. 18-11129-M.  The Court entered an order directing joint administration of these Chapter 11 cases on June 12, 2018.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the APA.

1

IT IS HEREBY FOUND AND DETERMINED THAT:[3]

  A. The Court has jurisdiction to hear and determine the Motion and to grant the relief requested in the Motion pursuant to 28 U.S.C. § 1334. Venue of WO's chapter 11 bankruptcy case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

  B. The statutory and legal predicates for the relief requested in the Motion are §§ 105 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "<u>Bankruptcy Code</u>") and Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

  C. The notice given by WO of the Motion constitutes good and sufficient notice of the relief granted by this order and no further notice is required.

  D. Buyer has acted in good faith within the meaning of § 363(m) of the Bankruptcy Code, and the transactions contemplated by the APA have been undertaken by Buyer and WO at arm's length, without collusion, and in good faith within the meaning of § 363(m) of the Bankruptcy Code, and the Parties are entitled to the protections of § 363(m) of the Bankruptcy Code.

  E. Buyer is not an "insider" or "affiliate" of WO as those terms are defined in §§ 101(31) and 101(2) of the Bankruptcy Code. Neither WO nor Buyer have engaged in any conduct that would cause or permit the APA to be avoided under § 363(n) of the Bankruptcy Code.

  F. WO's determination that the APA constitutes the highest and best offer for the Assets constitutes a valid and sound exercise of WO's business judgment.

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact to the fullest extent of the law. *See* Fed. R. Bankr. P. 7052.

G. Pursuant to the terms of that certain Agreed Order entered by the Railroad Commission of Texas on Oil & Gas Docket No. 10-0316166 (the "TRRC Order"), attached hereto as **Exhibit B**, the Railroad Commission of Texas (the "TRRC") has consented to the sale provided that the Buyer satisfies the conditions specified in the TRRC Order.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. Pursuant to §§ 105(a), 363(b), and 363(f) of the Bankruptcy Code, WO is authorized to sell and transfer all of its right, title and interest in and to the Assets to Buyer in accordance with the APA (including any ancillary documents).

2. Upon WO's receipt of the consideration detailed in the APA, such Sale shall vest Buyer with all right, title, and interest of WO to the Assets, free and clear of all liens, claims, and other interests in and on the Assets pursuant to § 363(f) of the Bankruptcy Code, except for the liabilities and obligations, which Buyer is expressly assuming pursuant to § 1.6 of the APA (collectively, the "Assumed Liabilities") and liabilities Buyer is obligated to perform under the TRRC Order.

3. Except for the Assumed Liabilities, all other liens or interests in or on the Assets shall attach to the net cash proceeds of the Sale with the same validity, enforceability, priority, and force and effect as they had against the Assets as of the Petition Date.

4. The Sale of the Assets by WO to Buyer will be a legal, valid, and effective transfer of the Assets.

5. The Sale constitutes a transfer for reasonably equivalent value and fair consideration (as those terms are defined in each of the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, and § 548 of the Bankruptcy Code) under the Bankruptcy Code and any other applicable non-bankruptcy law, including but not limited to the laws of Oklahoma and

Texas.

6. Buyer is not a mere continuation of WO or its estate, and there is no continuity of enterprise between Buyer and WO.  Buyer is not a successor to WO or its estate and the Sale does not amount to a consolidation, merger, or de facto merger of Buyer and WO.  As a result of the Sale, Buyer will not have any successor or transferee liability for any of WO's liabilities (whether under federal or state law or otherwise) that arose before the Effective Time.

7. The provisions of this order are non-severable and mutually dependent.

8. Except with respect to Assumed Liabilities, all persons are enjoined from taking any actions against Buyer or any Affiliates of Buyer (as they existed immediately prior to the closing of the Sale) to recover any claim that such person has solely against Buyer.

9. Following the closing of the Sale, WO shall file a notice on the docket in this case to report the closing of the Sale.

10. Upon the closing of the Sale, WO shall file a notice substantially in the form of the notice attached hereto as **Exhibit C** (the "Sale Notice").

11. A certified copy of this order or the Sale Notice may be filed with the appropriate clerk and/or recorded with the recorder of any state, county, or local authority in order to cancel any liens or claims of record.

12. WO is authorized to take any and all actions necessary to consummate the transactions contemplated by the APA (including any ancillary documents) and this order.

13. To the extent that this order is inconsistent with the APA, the terms of this order shall govern.

14. Notwithstanding any provision in the Bankruptcy Rules to the contrary, the terms of this Order shall be immediately effective and enforceable upon its entry and not subject to any

stay, notwithstanding the possible applicability of Bankruptcy Rules 6004(h) and 6006(d) or otherwise.

15. The Court retains exclusive jurisdiction to interpret and enforce the provisions of the APA and this order in all respects; *provided, however*, that in the event the Court abstains from exercising or declines to exercise jurisdiction with respect to any matter provided for in this clause or is without jurisdiction, such abstention, refusal or lack of jurisdiction shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter. Jurisdiction for any dispute arising from the regulatory enforcement of the TRRC Order shall be determined in Travis County State District Court or in an administrative hearing before an administrative law judge.

16. Nothing in this Order or the APA releases, nullifies, precludes or enjoins the enforcement of any police or regulatory liability to a governmental unit that any entity would be subject to as the post-sale owner or operator of property after the date of entry of this Order. Nothing in this Order or the APA authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization, or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law. Nothing in this Order divests any tribunal of any jurisdiction it may have under police or regulatory law to interpret this Order or to adjudicate any defense asserted under this Order.

17. WO is authorized to pay the net proceeds to the Pre-Petition Lenders on account of its Pre-Petition Claim (as those terms are defined therein) consistent with the DIP Order and DIP Agreement entered by the Court on August 1, 2018 [ECF No. 118]; except and provided, however, that WO shall deposit $200,000 from the sale proceeds into an escrow account pending a

determination of the amount and priority status of the claims of the taxing entities of Carson County, Carson County Appraisal District, Hutchinson County, Gray County and Roberts County Appraisal District (herein "Texas Taxing Authorities") are determined by the Court or mutually agreed to by WO, the Pre-Petition Lenders, and the Texas Taxing Authorities. The liens, claims, and interests of all parties shall attach to the escrowed funds with the same validity and priority that existed regarding the property being sold as of the entry of this order and without prejudice to the position of any such parties. The Buyer and its successor are not responsible for any property taxes asserted by the Texas Taxing Authorities attributable to any period prior to the closing date of the sale (the "Pre-Closing Taxes"); the Texas Taxing Authorities shall only seek payment on account of the pre-closing taxes from the escrowed funds and WO.

DATED this 26th day of November, 2018.

BY THE COURT:

TERRENCE L. MICHAEL
UNITED STATES BANKRUPTCY JUDGE